08-4724-cv
Wasser v. New York State Office

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of April, two thousand ten.

PRESENT:
> JOHN M. WALKER, JR.,
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

———————————————————————————————

MICHAEL J. WASSER,

> *Plaintiff-Appellant,*

-v.-                                                                 No. 08-4724-cv

NEW YORK STATE OFFICE OF VOCATIONAL AND EDUCATIONAL SERVICES FOR INDIVIDUALS WITH DISABILITIES, LAWRENCE C. GLOECKLER, Deputy Commissioner New York State Education Department, Office of Vocational and Educational Services for Individuals with Disabilities, in his official and individual capacities, DANNA MITCHELL, Brooklyn Office Manager, New York State Education Department, Office of Vocational and Educational Services for Individuals with Disabilities, in her official and individual capacities,

> *Defendants-Appellees.**

———————————————————————————————

———————————————

* The Clerk is respectfully directed to amend the official caption as it appears above.

FOR APPELLANT:         MICHAEL J. WASSER, *pro se*, Brooklyn, New York.

FOR APPELLEES:         MONICA WAGNER, Assistant Solicitor General (Andrew M. Cuomo, Attorney General of the State of New York, *on the brief*, Barbara D. Underwood, Solicitor General, Michelle Aronowitz, Deputy Solicitor General, *of counsel*), New York, New York.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the district court judgment is **AFFIRMED**.

Plaintiff-Appellant Michael J. Wasser, *pro se*, appeals from the August 28, 2008 judgment of the United States District Court for the Eastern District of New York (David G. Trager, *Judge*) dismissing his complaint. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

We discuss in a separate opinion filed today the appropriate standard of review for district courts to apply when a plaintiff commences a civil action under section 102 of the Rehabilitation Act, 29 U.S.C. § 722(c)(5)(J), seeking review of a final state administrative decision. We find, for the reasons provided in that opinion, that the District Court stated and applied the appropriate standard of review under § 722(c)(5)(J) in dismissing plaintiff's claims.

Having reviewed plaintiff's remaining contentions on appeal and the record of proceedings below, we affirm for substantially the same reasons stated by the District Court in its thorough and well reasoned opinion. *See Wasser v. N.Y. State Office of Vocational & Educ. Servs. for Individuals with Disabilities*, --- F. Supp. 2d ----, No. CV-01-6788, 2008 WL 4070263 (E.D.N.Y. Aug. 27, 2008). Specifically, despite plaintiff's arguments before us to the contrary, we find that the District Court was correct in holding that (i) the New York State Office of

2

Vocational and Educational Services for Individuals with Disabilities ("VESID") is permitted to consider cost when determining the vocational rehabilitation services it will provide to disabled individuals so long as it does not "place absolute dollar limits on specific service categories," and it "permits exceptions [to any fee schedules] so that individual needs can be addressed," 34 C.F.R. § 361.50(c)(2)(ii), (3); *see also Murphy v. Office of Vocational & Educ. Servs. for Individuals with Disabilities*, 705 N.E.2d 1180, 1185 (N.Y. 1998); (ii) VESID properly reimbursed plaintiff for law school tuition rates only up to the cost of a public law school, rather than the cost of the private law school plaintiff chose to attend; (iii) VESID's policy not to purchase base vehicles for clients' transportation needs is proper; (iv) it was premature for VESID or the District Court to decide the cost of, and possible reimbursement for, necessary modifications to a base vehicle in order to enable plaintiff to drive to and from work because plaintiff has yet to complete the required evaluations; (v) the record supports VESID's decision to deny reimbursement to plaintiff for costs he incurred during an internship in the summer of 1998 while he was still a student at Brooklyn Law School; (vi) VESID is not required to provide plaintiff with a back-up motorized wheelchair; and (vii) VESID properly closed plaintiff's case. We have considered all of plaintiff's arguments and find them to be without merit.

Accordingly, the judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3